Thornton *v.* Roberts.

SAMUEL C. THORNTON, trustee,

*v.*

ISAAC ROBERTS.

A testatrix gave to A. the interest on $2,000 from the time of her death, provided A. survived B., and, in that event, after A.'s decease, the $2,000 to be equally divided among A.'s children. But if A. did not survive B., then, at A.'s death, the $2,000, together with the accrued interest, was " to go to and be equally divided between all my nieces and my nephew W. and the children of my deceased nephew S." A. died before B., and between the time of testatrix's death and A.'s death certain of her nephews and nieces died, including W.—*Held,*

(1) That the interests of all of the nieces and of W., although contingent on the death of A. before B., vested at the decease of the testatrix, and, consequently, the shares of those deceased before A. were transmissible to their several next of kin.

(2) That the children of S. took *per capita* with testatrix's nieces and W.'s representative, no contrary intention appearing in the will.

Bill for construction of will and directions to trustee. On final hearing on pleadings.

*Mr. F. Voorhees*, for complainant.

*Messrs. P. L. Voorhees, M. R. Sooy, D. J. Pancoast* and *W. A. Barrows*, for defendant.

THE CHANCELLOR.

Hope Haines, late of the county of Burlington, died February 22d, 1844, leaving her last will and testament,

dated November 17th, 1841.   The eighth item of the will
is as follows:

"I will and bequeath to my well-beloved nephew Aquilla S. Ridge-
way, after the death of his present wife Anna Ridgeway, if he should
outlive her, then immediately after her death, in his life-time, I
bequeath, to be paid over to him by my executors, that is, if he should
outlive this present wife, the interest of two thousand a year for every
and each year from my death until his present wife Anna Ridgeway's
death, that is, if he should outlive her, and the interest of said two
thousand every year and yearly to my said nephew from his present
wife's death during his life and as long as he lives; and at his death,
if he should leave more than one child, or the descendant of more
than one child, to arrive at lawful age, I bequeath, and it is my will,
that the said two thousand dollars shall be equally divided and paid
to his said children; but if he should leave more than one child, and
any of them should be deceased, leaving child or children, they shall
stand in their deceased parent's place, and take their share equal
between them, if more than one.   But if my said nephew, Aquilla S.
Ridgeway, should die in the life-time of his present wife Anna Ridge-
way, and she should outlive him, then at his death, in her life-time, I
bequeath, and it is my will, that the said principal sum of two thou-
sand dollars, with its interest from my death until my said nephew's
death in the life-time of his present wife, then to go to and be equally
divided between all my nieces and my nephew Wallace Lippincott
and the children of my deceased nephew, Stacy Lippincott, that is, in
case my said nephew, Aquilla S. Ridgeway, should die before his pres-
ent wife, Anna Ridgeway; but if my said nephew should outlive this
present wife that he now has, and she die before him, my said nephew,
it is my will that then, at her death in his life-time, and I bequeath
the two thousand dollars aforesaid, with its interest from my death
until her death, unto him for my said nephew to receive all the
interest due thereon at her death from my death in his own hands
paid, and the interest of the two thousand from her death, yearly,
during his life; and if, in case that at his death after the death of his
wife, he should leave but the one child, or the descendants of but the
one child, to arrive at lawful age, he having a great sufficiency there-
for, I bequeath the said principal of two thousand dollars (he to
receive the interest thereof yearly during life after the death of his
present wife, Anna Ridgeway), after his death, equally between all my
nieces and my nephew Wallace Lippincott and the children of my
deceased nephew, Stacy Lippincott; but if my said nephew, Aquilla S·
Ridgeway, should die after his present wife, that is, if she should die
before him, and at his death he being the longest liver, and should

·then die leaving more than the one child, or the descendants of more than the one child, then they shall be entitled to and take the above moneys described, mentioned and set forth in this my said will, that is, if he should live longer than this wife and leave more children than ·one; but if he should leave but one child, or die in the life-time of this present wife, she live the longest, in that case I bequeath it, his ·share, equally between my nephew and nieces."

At her death her nieces and nephews were Hope Deacon, ·Sarah Stokes, Sarah Ann Pancoast, Mary Haines, Aquilla .S. Ridgeway (legatee mentioned in the eighth item of the will) and Wallace Lippincott, and the children of Stacy Lippincott were Nathaniel Lippincott, Sarah Ann Roberts .and Hope Moore. Aquilla S. Ridgeway did not survive his ·wife Anna, mentioned in the will. He died June 20th, 1877. Between the time of the death of the testatrix and ·his death, Mary Haines, Wallace Lippincott and Hope Moore died. The fund of $2,000, mentioned in the eighth ·item of the will, is, with its accumulation of interest, held by a trustee, the complainant, who is desirous of paying it over to those who are entitled to it, but being in doubt as to whether the bequest over to the nieces and nephews of the testatrix and the children of Stacy Lippincott vested .at the death of the testatrix or at the death of Aquilla S. Ridgeway, and whether the children of Stacy Lippincott ·take *per stirpes* or *per capita* with the nieces and nephews of the testatrix, he files his bill for construction of the will and for direction in the premises.

The bequest to Aquilla S. Ridgeway, of the interest for ·life upon the fund of $2,000, was conditional, the contingency being his survival of his wife mentioned in the will. The bequest of the fund, with its accumulation of interest, to the testatrix's nieces, and her nephew Wallace Lippincott, and the children of Stacy Lippincott, was contingent ·on the death of Aquilla S. Ridgeway before the death of his wife. There is no reason why those bequests should not, ·for the purposes of transmission, be held to have vested, in ·a certain sense, at the time of the death of the testatrix.

The latter bequest was substituted. It was a contingent executory bequest, and the rule with regard to the vesting of such bequests is thoroughly established.

"It is a rule with regard to contingent executory bequests," says Roper, "that the interests of the first and subsequent takers *quodam modo* vest *uno instanti;* so that, if the substituted legatee die before the contingency happens upon which he is to succeed to the legacy, his representative will, notwithstanding, be entitled to it so soon as the event shall take place." 1 *Roper on Legacies* 597.

The rule is recognized by Jarman (1 *Jarman on Wills* 666) and it is laid down also by Ward. If there is a bequest to one for life, and, at or after his decease, to another, the interests of the first and second legatees vest at the same time; so that the representatives of the latter, if he die in the life of the prior taker, will be entitled. Nor is it any objection to this doctrine that the gift itself depends upon a contingency, for a contingent interest may vest in right, though it does not in possession. *Ward on Legacies* 178. See, also, 2 *Wms. on Ex'rs* 888, 889.

Contingent interests are transmissible, like vested interests. Lord Hardwick, in *Chauncy* v. *Graydon,* 2 *Atk.* 616, said: "Where either real or personal estate is given upon a contingency, and that contingency does not take effect in the life-time of the first devisee, yet, if real, his heir—if personal, his executor—will be entitled to it." The same doctrine was held in *Winslow* v. *Goodwin,* 7 *Metc.* 363. And in our courts, in *Vandyke's adm'r* v. *Vanderpool's adm'r,* 1 *McCart.* 198; *Green's adm'r* v. *Howell,* 1 *Vr.* 326; *S. C. in error,* 2 *Vr.* 570; *Beatty's adm'r* v. *Montgomery's ex'r,* 6 *C. E. Gr.* 324. See, also, 2 *Redf. on Wills,* 195, *note.* The legacy of $2,000 and accumulated interest vested in the nieces of the testatrix who were living at her death, and in Wallace ˙Lippincott and the children of Stacy Lippincott who were living at her death, so as to be transmissible to the personal representatives of those who died after the death of the testatrix and before the death of Aquilla S. Ridge-

Thornton *v.* Roberts.

way. According to the general rule, the children of Stacy Lippincott would take *per capita* each an equal share with each of the nieces and Wallace Lippincott's personal representative. It is a rule that, under a devise or bequest to one and the children of another, *prima facie*, the persons all take *per capita* and not *per stirpes*. *Hawk. on Wills* 113; *Fisher* v. *Skillman's ex'r*, 3 *C. E. Gr.* 229; *Macknet's ex'r* v. *Macknet*, 9 *C. E. Gr.* 277, 294; *Smith* v. *Curtis*, 5 *Dutch.* 345. Nor is there in this will anything to lead to the conclusion that the testatrix intended that the children of Stacy Lippincott should together take only a share equal to that of Wallace Lippincott, or of each of her nieces. In other parts of the will she expresses an intention that children shall take *per stirpes* and not *per capita*, and she does so by language apt and explicit. In the fifth item she bequeaths to her nephew, Wallace Lippincott, $120 a year (the interest of $2,000), for life, and bequeaths the principal sum, $2,000, at his death, to his child or children, if he should leave any, and provides that it is to go to such "child or children, equal between them, if more than one," and adds that "if any child of his should be then deceased, leaving child or children, they shall take the deceased parent's share equally, if more than one." She further provides that, if Wallace Lippincott should, at his death, leave no child or children, nor any child of any child of his, then the principal sum of $2,000 is, at his death, to be divided equally between his sisters Mary Haines and Sarah Ann Pancoast, and the children of his deceased brother, Stacy Lippincott, and adds "that is, for his children to take the one-third of said $2,000 equally between them, being the share thereof their father would have been entitled to if living." In the seventh item, after giving the interest of $4,000 a year to her nieces Sarah Stokes and Hope Zelley, for life, she gives the principal, after their death, to their children, as follows:

"And at their death or either of their deaths, the child or children of the one or both deceased shall be entitled and take their deceased

parent's share equally between them, if more than one at the deceased parent's death."

She further provides that, if Rebecca Zelley should leave but one child living at her death, and there should no issue of the other survive her, then the share of the deceased child should go to the children of her (the testatrix's) nieces, Mary Haines and Sarah Ann Pancoast, and the children of her deceased nephew, Stacy Lippincott, "equally divided and paid between them all at her (Rebecca Zelley's) death." By the residuary clause she bequeaths the residue of her estate, as follows:

"The remainder to be equally divided between the child or children of my nephew, Aquilla S. Ridgeway, and my sister, Rebecca Zelley, each one to have an equal share thereof, and his children, or if but one child he should leave, to have its or their equal share, with the interest arising on each one's share paid them, when and as they arrive at lawful age, whether their father is deceased or living, and for all, my nieces, and nephew Wallace Lippincott, and the children of my said nephew Stacy Lippincott, to take their equal share therein with my sister Rebecca and the children of Aquilla S. Ridgeway."

This court held that, under that clause, the children of Stacy Lippincott took *per capita. Stokes* v. *Tilley,* 1 *Stock.* 130.

There is nothing in the will to induce hesitation in applying the general rule of construction. It will, therefore, be decreed that the children of Stacy Lippincott take *per capita.*